Dear Mr. Reeves:
Your request for an Attorney General opinion has been forwarded to me for research and reply. Specifically, you ask whether your city council is required to either sustain or override an ordinance which has been vetoed by the mayor at the next regular or special meeting held at least ten days after publication of the mayor's veto statement. You also ask if the city council is allowed to postpone consideration of a veto until another meeting subsequent to the one stated in Section 2-12 of the Slidell Home Rule Charter.
Section 2-12 is as follows:
Section 2-12. Submission of Ordinances of the Mayor. A. Every ordinance adopted by the council shall be signed by the presiding officer of the council and presented to the mayor within seventy-two (72) hours after adoption, excluding Saturdays, Sundays and city holidays. The clerk shall record upon the ordinance the date and hour of its delivery to the mayor.
 B. Within seven (7) calendar days after the mayor's receipt of an ordinance, excluding Saturdays, Sundays and city holidays, it shall be returned to the clerk of the council with the mayor's approval, or with the mayor's veto. The clerk shall record upon the ordinance the date and hour of its receipt from the mayor. If the ordinance has been approved, it shall be considered finally enacted and become effective as provided in Section 2-11 (Ordinances in General). If the ordinance is vetoed, the mayor shall submit to the council through the clerk a written statement of the reasons for veto. The veto statement shall be published in full in the official journal by the clerk as soon as practical thereafter. All ordinances that the mayor vetoes shall be vetoed in full, except that the mayor shall *Page 2 
have authority to veto individual appropriation items in the ordinances adopting the operating budget and capital improvement program.
 C. Ordinances vetoed by the mayor shall be submitted by the clerk to the council at the next regular or special meeting held at least ten (10) days after publication of the veto statement. Should the council vote to readopt the ordinance by the favorable vote of at least two-thirds of its authorized membership, said ordinance shall be considered finally enacted and become law irrespective of the veto by the mayor.
 D. The right of the mayor to veto as provided in this section shall apply to all ordinances adopted by the council except those which propose amendments to this charter; reapportion council districts; establish, alter or modify council procedure; appropriate funds for auditing or investigating any part of the executive branch; or those ordinances requiring council action pursuant to the general laws of the state or which the council has received specific approval to enact following a referendum vote of the people.
According to 2-12 (C), "Ordinances vetoed by the mayor shall be submitted. . . ." (Emphasis added). For purposes of statutory construction, the Louisiana Supreme Court has consistently held that "shall" denotes a mandatory duty. In re Succession of Boyter, 1999-0761 (La. 1/7/00), 756 So.2d 1122, rehearing denied. In contrast, if the ordinance could be postponed and submitted at another meeting the word "may" which is permissive would have been used.
Therefore, it is the opinion of this office that Section 2-12 (C) requires the clerk to submit ordinances which have been vetoed by the mayor to the city council at the next regular or special meeting held at least ten days after publication of the veto statement. There is no provision to postpone or table the action on the ordinance to another meeting.
We trust your questions have been answered. However, if you should need anything further do not hesitate to contact this office
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL